# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00264-MR-DLH

| | |
|---|---|
| VICTOR GARLOCK, Guardian of the Estate of J.W., a Minor,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>Defendant. | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion to Extend Defendant's Rebuttal Expert-Disclosure Deadline [Doc. 14]; the Defendant's Motion to Temporarily Stay Defendant's Rebuttal Expert-Disclosure Deadline [Doc. 15]; and the Defendant's Motion to Strike Plaintiff's Purported Expert Disclosures and Exclude Plaintiff's Purported Expert [Doc. 17].

This is an action to collect insurance proceeds pursuant to an accidental death and dismemberment insurance policy ("Policy") issued by the Defendant and payable to J.W. (a minor who is represented by her guardian in this case) in the event of the accidental death of Jai Lateef

Williams. [Doc. 1-2 at 2]. It is alleged that Mr. Williams died on July 2, 2016. [Id.].

On November 6, 2017, the Court entered the Pretrial Order and Case Management Plan, which required the disclosure of experts by the Plaintiff no later than February 1, 2018 and from the Defendant no later than March 1, 2018. [Doc. 12].

On January 30, 2018, Plaintiff's counsel served the Defendant with a report from his purported expert, local criminal-defense attorney Jack W. Stewart. The Plaintiff apparently intends to use Stewart's testimony to rebut the Defendant's assertion that it was not obligated to pay the death benefit because the Policy contains an exclusion that excludes coverage in the event the insured's death is "caused or resulting in whole or in part by ... the Insured Person's commission of or an attempt to commit an assault or felony." [Doc. 1-5 at 12]. Mr. Stewart's report indicates that he intends to proffer a legal opinion that Mr. Williams was not engaged in an actual or attempted assault or felony, as those are defined under North Carolina law, at the time of his death. [Doc. 17-1 at 5].

The Defendant now moves to strike the Plaintiff's expert disclosure of Mr. Stewart and to exclude his testimony from this case on the grounds that Mr. Stewart's testimony constitutes an inadmissible legal opinion which

would usurp the Court's role in instructing the jury on the applicable law to be applied to the facts of this case. The Defendant further moves to extend the deadline for designating any expert in rebuttal for an additional ten (10) days and to stay, at least temporarily, its expert disclosure deadline[1] pending the Court's ruling on the motion to strike. The Defendant's motions indicate that the Plaintiff does not oppose an extension of the expert disclosure deadline but does oppose any stay of such deadline.

Upon careful review of the Defendant's motions, and in light of the Plaintiff's consent, the Court will allow a brief extension of the Defendant's expert disclosure deadline. The Court, however, will deny the requested stay. The Defendant seeks to stay this matter pending a ruling on its motion to strike the Plaintiff's expert disclosure and to exclude that expert's testimony. While the Defendant takes issue with the substance of the opinions of the Plaintiff's expert, the Defendant has failed to identify any basis for striking the Plaintiff's disclosure. It was not untimely or otherwise

---

[1] Contrary to the Defendant's assertions, there is no "rebuttal expert deadline" in this case separate and apart from the Defendant's expert disclosure deadline. While it is true that Rule 26(a)(2)(D) provides for the disclosure of expert witnesses 90 days before trial and of rebuttal witnesses within 30 days with the other party's disclosure, these deadlines govern the timing of expert disclosures only in the absence of "a stipulation or a court order." Fed. R. Civ. P. 26(a)(2)(D). Here, the Case Management Order specifies only *one* expert disclosure deadline for each party: February 1, 2018 and March 1, 2018, respectively. Thus, *all* of the Defendant's experts are required to be disclosed by the same deadline, March 1, 2018, except as modified herein.

procedurally improper. As for the Defendant's substantive objections to the disclosure, such matters are premature and are better addressed upon the close of discovery. If the Defendant believes that the opinions proffered by the Plaintiff's expert are not proper subjects for expert testimony, the Defendant is free to forego designating any rebuttal expert on such issues and may instead (or in addition thereto) seek the exclusion of the Plaintiff's expert's testimony on legal grounds at a more appropriate time.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Extend Defendant's Rebuttal Expert-Disclosure Deadline [Doc. 14] is **GRANTED**, and the Defendant shall have an additional fourteen (14) days, through and including **March 15, 2018**, within which to disclose its experts.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Temporarily Stay Defendant's Rebuttal Expert-Disclosure Deadline [Doc. 15] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Strike Plaintiff's Purported Expert Disclosures and Exclude Plaintiff's Purported Expert [Doc. 17] is **DENIED**. The Defendant may renew its motion to exclude the testimony of the Plaintiff's expert witness, Jack W. Stewart, upon the close of discovery.

**IT IS SO ORDERED.**  Signed: February 22, 2018

Martin Reidinger
United States District Judge