# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:17-cv-00264-MR-DLH

| | | |
|---|---|---|
| VICTOR GARLOCK, Guardian of the Estate of J.W., a Minor, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) ) ) | ORDER APPROVING SETTLEMENT FOR THE BENEFIT OF THE MINOR PLAINTIFF |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the Court on the Plaintiff's consent Motion to

Approve Settlement.  [Doc. 25].

## BACKGROUND

On August 9, 2017, the Plaintiff Victor Garlock ("Plaintiff"), as the duly

appointed guardian of the estate of the minor J.W.[1], brought this action

against American General Life Insurance Company ("Defendant"), asserting

a breach of contract claim, arising out of an accidental death and

---

[1] The minor child, who is identified herein only by her initials, is identified by name in the Sealed Addendum to Order being entered contemporaneously herewith.

dismemberment insurance policy (the "Policy") issued by the Defendant and payable to the minor child J.W. in the event of the accidental death of Jai Lateef William. [Doc. 1-2 at 2]. On July 2, 2016, Mr. Williams died, leaving the minor child J.W. as the sole beneficiary under the Policy. [Id.] On August 17, 2016, Victor Garlock, the public guardian for Buncombe County, was appointed by the Buncombe County Clerk of Court as the guardian of the estate of the minor child J.W. [Docs. 1-2, 27]. On July 23, 2018, the Court was advised that the parties had reached a settlement. [Doc. 23]. On July 31, 2018, the Plaintiff filed his consent Motion to Approve Settlement. [Doc. 25].

## FINDINGS OF FACT

On August 9, 2018, this matter came on for final hearing before the Court. Present at the proceeding were counsel for the Plaintiff; counsel for the Defendant; the Plaintiff Victor Garlock, as the guardian of the estate for the minor child; Ervina Petty, the mother of the minor child; and the minor child herself, J.W. Prior to the hearing, the Court reviewed the settlement and release documents and filings pertinent to this matter. At the hearing, Plaintiff's counsel provided the Court with the affidavit of Mr. Garlock, which provided details of his review of pertinent documents and pleadings filed in this matter; his discussion of the strengths and weaknesses of the case with

his attorneys; his discussion of the proposed settlement with the mother of the minor child and minor child herself, J.W.; and the percentage of the settlement amount being paid towards the attorneys' fee for representation in this matter. [Doc. 27]. Additionally, Mr. Garlock testified as to his duties and responsibilities in his capacities as the public guardian for Buncombe County and as the guardian of the estate of the minor child.

Based on the Court's review of the relevant documents and based on the statements of counsel and the Plaintiff at the hearing, the Court makes the following **FINDINGS OF FACT:**

1.    To make a determination about the reasonableness of the settlement and release agreement, the Court requested that counsel for the Plaintiff and the Defendant give a forecast of their trial evidence and provide a candid evaluation of the strengths and weaknesses of the Plaintiff's claims and any defenses thereto. The parties complied with the Court's request and proffered the following details surrounding the factual and legal circumstances of this matter.

The incident which gave rise to this litigation occurred on July 2, 2016. A police officer employed by the Asheville Police Department shot and killed Jai Lateef Williams. The Defendant issued an accidental death and dismemberment policy to Mr. Williams with an effective date of April 28,

2016. Following the death of Mr. Williams, the Buncombe County Clerk of Court appointed Victor Garlock, the public guardian for Buncombe County, to be the guardian of the estate of the minor child. From the date of such appointment, Mr. Garlock has all the powers of a guardian of the estate granted by Article 9 of Chapter 35A of the North Carolina General Statutes, including the power to maintain any appropriate action or proceeding to recover damages for any injury done to any of the minor's property, also to compromise, adjust, arbitrate, sue on or defend, abandon, or otherwise deal with and settle any other claims in favor of or against the minor child. In such capacity, Mr. Garlock submitted a claim to the Defendant for payment of the death benefit under the Policy.

In evaluating the provisions of the settlement and release agreement, the Court assessed the following factors. As explained by the Plaintiff's counsel, the primary weakness of Plaintiff's case are the available defenses that coverage of the claim is excluded under the Policy. The Plaintiff's counsel also acknowledged that the parties would present competing evidence and expert testimony as to whether Mr. William's death was the result of an "accidental injury" as defined under the Policy. Specifically, the Defendant would present evidence that Mr. William's death falls within an exclusion under the Policy because his death was the result of his

engagement in illegal activity, consequently barring the Plaintiff from recovering on the claim. Defense counsel conceded, however, that the Plaintiff could present sufficient evidence to raise a question of fact for the jury as to the issue of coverage and the applicability of such exclusion. Defense counsel also acknowledged that the case presented risks to both sides due to the recovery being an all or nothing proposition. Defense counsel also provided details of the Buncombe County District Attorney's Report supporting the Defendant's credible position that the claim is not covered under the Policy because Mr. William's death was not "unforeseen, unusual, or unexpected."

2.      The Plaintiff, Victor Garlock, is a suitable person to represent the interests of the minor child J.W. in this matter considering his general appointment as the public guardian for Buncombe County and his specific appointment by the Buncombe County Clerk of Court to serve as the guardian of the estate of the minor child. At the hearing held on August 9, 2018, the Plaintiff acknowledged that he:

(a)   has read the settlement documents filed in this matter, including the confidential settlement agreement and release, and that he understood and assented to the terms thereof.

(b)     has conferred with counsel of his choice regarding his decision to settle this matter.

(c)     understands that the settlement documents propose that certain consideration be paid for the benefit of the minor child.

(d)     believes that the proposed settlement for their minor child is fair and reasonable under the circumstances of this case as to the nature of the settlement, the amount of the monetary payment element of the settlement, and as to the proposed disbursement of the settlement pursuant to Articles 9 and 11 of Chapter 35A of the North Carolina General Statutes.

(e)     understands that, if the Court approves the settlement and release agreement, the consideration due will be provided as described in the settlement documents filed under seal herein and in accordance with Articles 9 and 11 of Chapter 35A of the North Carolina General Statutes.

(f)     understands that, if the Court approves the settlement and release agreement, the provision of the consideration for the settlement by the Defendant will terminate his claims and any claims of the minor child against the Defendant.  He further acknowledged that he understands that his decision to accept the settlement and release agreement on behalf of the minor child (if such agreement is approved by the Court) will bind the minor child and said child will be enjoined from seeking any future redress against

the Defendant, pursuant to the settlement and release agreement, based upon the acts and omissions alleged in the Complaint.

3.    At the hearing held August 9, 2018, Ms. Petty appeared in order to personally address the Court. Though Ms. Petty is not a formal party to this proceeding, the Court conducted a voir dire of her at that time. She acknowledged to the Court that she is the natural guardian of the minor child, but for reasons stated on the record at the hearing, she had given her consent and permission for Victor Garlock to be appointed guardian of the estate of the minor child to act on her behalf in this litigation. The Court conducted a colloquy with Ms. Petty and finds that she understands and agrees with the terms of the settlement agreement for the minor child, accepts and desires that Victor Garlock exercise all legal decision-making authority which attends his appointment as the guardian of the estate of the minor child to consummate the settlement agreement herein, accepts and desires that Victor Garlock exercise all legal decision-making authority which attends his appointment as the guardian of the estate of the minor child to consummate the settlement agreement herein, and is competent to provide her consent to the settlement and to relinquish her legal decision-making authority over the minor child as it pertains to this litigation.

4.    Based upon all of the foregoing, the Court finds that the settlement and release agreement is fair and reasonable under all of the circumstances of this case; that the consideration to be provided under the terms of that agreement is fair and reasonable; and that the proposed disbursement of such consideration is fair and reasonable.

## CONCLUSIONS OF LAW

**WHEREFORE,** based upon the foregoing findings of fact, the Court concludes as a matter of law that:

1.    Minors, because they are legally incompetent to transact business or give consent for most purposes, need responsible, accountable adults to handle property or benefits to which they are or become entitled. N.C. Gen. Stat. § 35A-1201(a)(6). The Plaintiff, Victor Garlock, acting in his capacities as the public guardian of Buncombe County and as the guardian of the estate of the minor child, herein, is competent in all respects and is able to understand the ramifications of the settlement and release agreement, as well as the effect it would have upon the minor child, and is competent and able to execute his duties accordingly.

2.    The extent, nature, and amount of recovery for the minor child is fair and reasonable and the disbursement of such as ordered herein is in the best interests of the minor child.

3.     The disbursement of the settlement proceeds, as set forth in the sealed settlement and release agreement, benefits the minor child by the way in which the funds are to be disbursed.  The parties have specifically informed the Court that all are in agreement as to the manner of distribution set forth therein and are capable of carrying into effect the same. Specifically, distribution of the funds pursuant to Articles 9 and 11 of Chapter 35A of the North Carolina General Statutes.

4.     The Plaintiff Victor Garlock, as guardian of the estate of the minor child, with the consent of the minor child's mother and natural guardian, has bound the minor child herein in the same manner as if such minor had consented to the settlement as an adult.

5.     The settlement and release agreement should be approved.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Motion to Approve Settlement [Doc. 25] is **GRANTED**, and the parties' settlement and release agreement filed in this matter under seal [Doc. 26] is hereby **APPROVED**.

**IT IS FURTHER ORDERED** that the parties shall file a stipulation of dismissal with respect to all of the Plaintiff's claims within thirty (30) days of the entry of this Order.

**IT IS SO ORDERED.**

Signed: August 21, 2018

Martin Reidinger
United States District Judge